McKey et al. *v.* Torry.

HAMDEN McKEY et al. *v.* GEORGE TORRY, administrator, &c.

There is nothing in the statute (Hutch. Co. 841, 842) which authorizes the revival of any suit or action in the name of the executor or administrator of a deceased person, that prohibits the representative of the deceased party, either plaintiff or defendant, from coming voluntarily into court and making himself a party to the suit.

The statute very clearly sanctions such a proceeding, by declaring that the court may render such judgment against a party brought in by *scire facias*, as it could render if he had come in voluntarily.

The defendants below not having made any motion to have a discontinuance of the cause entered, because two terms of the court had elapsed after L.'s death was suggested, before the administrator became a party to the suit, but elected to proceed to trial on the merits, have therefore waived the right to have the case dismissed.

IN error from the circuit court of Jefferson county; Hon. George Coalter, judge.

The facts of the case are contained in the opinion of the court.

*J. Winchester*, for appellants,

Contended, that suit should have been revived by *scire facias*, and that the case was not regularly on the docket. In support of his positions he cited Hutch. Co. 841; Wash. 33; Bac. Abr. tit. Stat.; Ib. tit. Scire Facias; Tidd's Pr. 1114; 2 Wheat. 115; 6 Ib. 260; 7 Ib. 530; 1 Ark. 167; 7 J. J. Marsh. 427; 6 B. Monroe, 619; 1 Hen. & Munf. 339; 1 Wash. 138–154; Ib. 325; 1 Rolle's Pr. 662.

*John B. Coleman*, for appellee,

Contended, there was no error in the record.

Mr. Justice FISHER delivered the opinion of the court.

This was a suit brought by William Lake, against the plaintiffs in error and others, to the November term, 1839, of the circuit court of Jefferson county.

The cause remaining in court undisposed of at the October term, 1848, of said court, the plaintiff's death was then suggested. No other step appears to have been taken until the April term, 1851, when the defendant in error voluntarily appeared in court, and on his motion the suit was revived in his name, as administrator of Lake; and the cause continued to the next term of the court, when the demurrer of the plaintiff to the defendant's special plea coming on to be heard, was, by the court, overruled. The defendants below then moved for judgment on their plea, but the court, on the application of the administrator, granted him leave to reply to the plea. The replication having been filed, the parties went to trial, the defendants making no objection as to the manner in which the suit had been revived, when a verdict and judgment were rendered in favor of the plaintiff below as administrator of Lake.

It is now objected, for the first time, that the court below erred in admitting the administrator to become a party to the suit, without resorting to a *scire facias* against the defendants, requiring them to show cause why the suit should not be revived, &c. The statute provides, " that when any suit or action shall be depending in any court of this State, and either of the parties shall die before final judgment, the executor or administrator of such deceased party, either plaintiff or defendant, shall have full power (in case the cause of action by law survive) to prosecute or defend such suit or action to final judgment, and the defendant is obliged to answer thereto accordingly." The statute further provides, " that if the executor or administrator, having been duly served with a *scire facias*, or citation from the office of the clerk of the court where such action is depending

McKey et al. *v.* Torry.

fifteen days before the meeting thereof, shall neglect or refuse to become a party to the suit or action, the court may proceed to render judgment against the estate of the deceased party in the same manner as if the executor or administrator had voluntarily made himself a party to the suit or action." Hutch. Code, sec. 4, 7, p. 841, 842.

We see nothing in this provision of the law prohibiting the representative of a deceased party, either plaintiff or defendant, from coming into court voluntarily and making himself a party to the suit.   On the contrary, the statute seems most clearly to sanction such proceeding, by declaring that the court may render such judgment against a party brought in by *scire facias*, as it could render if he had come in voluntarily.   This law does not appear to admit of construction.   It merely prescribes a mode by which persons who will not of their own accord, become parties to a suit, may be compelled to do so.

But it is said that the cause should have been discontinued, inasmuch as more than two terms of the court elapsed after Lake's death was suggested, before the administrator became a party to the suit.   We deem it unnecessary to quote the language of the statute bearing upon this question.   It is sufficient to say that the defendants below made no motion to have a discontinuance of the cause entered, but elected to proceed to trial on the merits.   If it were their right to have the cause discontinued, it was, nevertheless, a right which they could waive, and which they did waive by not calling the court's attention to the situation of the case at the proper time.

Judgment affirmed.