Mᴉᴛᴄʜᴇʟʟ *et al. v.* Fɪʟᴍ Tʀᴀɴsɪᴛ Co. *et al.*

(Division B. April 26, 1943.)

[13 So. (2d) 154. No. 35280.]

**J. O. Eastland**, of Ruleville, **J. J. Breland** and **R. L. Cannon**, both of Sumner, and **C. C. Pace**, of Cleveland, for appellants.

**Brewer & Sisson,** of Clarksdale, **Neill, Clark & Town-send,** of Indianola, and **Watkins & Eager,** of Jackson, for appellees.

Argued orally by **R. L. Cannon**, for appellants, and by **Ed. C. Brewer** and **Elizabeth Hulen**, for appellees.

**Anderson, P. J.,** delivered the opinion of the court.

This case is identical in every respect with its companion case of Albert Parker v. Film Transit Company, 194 Miss. 542, 13 So. (2d) 159, in which the opinion goes down with this, except as to a part of the court procedure out of which a question arose which was not involved in the other case. We will now take that question up for consideration.

It is whether the chancery court erred in refusing to sustain the motion of complainant in this case to dismiss his bill and thereafter proceed on the same cause of action in the circuit court of Tallahatchie County. The question grew out of these facts: This action and that in the companion case were brought at the same time in the chancery court of Sunflower County. Before filing the bill in the present case the chancery court of Sunflower County appointed a guardian for the complainant for the purpose expressed in the order of authorizing this suit. Thereafter the Film Transit Company filed its petition in the District Court of the United States for

the Northern District of this state against the complainants in both suits to have that court render a declaratory judgment fixing the principles governing those cases. This proceeding was under the Federal Statute, 28 U. S. C. A., sec. 400, and Maryland Casualty Co. v. Pacific Coal Co. et al., 312 U. S. 270, 61 S. Ct. 510, 85 L. Ed. 826. The complainants resisted the federal court rendering a declaratory judgment on the ground of the pendency of the causes in the chancery court, which, under the law, had full jurisdiction to adjudicate and determine the rights of the parties. The federal court sustained that view and dismissed the cause from that court. Thereupon, the Parker case was tried, resulting in a decree for the Film Transit Company, Mitchell's guardian then brought another suit in the circuit court of Tallahatchie County for his ward against the Film Transit Company involving the identical cause of action. This suit was brought not as guardian for the ward but as next friend. After so doing the guardian moved the chancery court to dismiss the chancery court case. That motion was overruled and the cause went to trial and was tried and concluded in that court, resulting in a decree in favor of the Film Transit Company. Before the trial, however, the Film Transit Company had made its answer a cross-bill and sought to enjoin the prosecution of the circuit court case referred to. The final decree awarded the injunction.

We are of the opinion that appellant went too far before requesting the nonsuit and we reach that conclusion upon the following considerations: The evidence on the question of liability was identical in both cases. Counsel in their briefs so state. Appellant by virtue of the pendency of his cause in the chancery court defeated the declaratory judgment proceeding in the federal court. Then he waited to see how the companion case would result and when it ended in a final decree in favor of the Film Transit Company then for the first time he sought to abandon his chancery court case and prosecute the one in the circuit court. It is true that the right of a plaintiff

or complainant to take a nonsuit is large, nevertheless it is not unlimited. It is in the discretion of the court. "When in any respect the cause has proceeded to that point, or when already such steps have been taken, that the defendant has thereby secured some substantial right which would be destroyed by the dismissal" it should not be permitted. Griffith's Chancery Practice, Sec. 534; State v. Hemingway, 69 Miss. 491, 10 So. 575; Chicago & A. R. Co. v. Union Rolling Mill Co., 109 U. S. 702, 3 S. Ct. 594, 27 L. Ed. 1081; 19 Am. Jur., Sec. 72. When the guardian's motion to nonsuit the chancery court case was overruled, the trial proceeded as if no such motion had been made. The result was a judgment in favor of the Film Transit Company. In order to carry out his purpose the guardian should have declined to proceed with the trial and thereupon the defendant would have been entitled to a dismissal with prejudice, which would have been a final judgment appealable by the guardian. Furthermore, these two cases on their merits, as stated, are identical. That means, of course, if this case was dismissed from the chancery court and tried in the circuit court, unless one or more of the witnesses materially changed his testimony there would be a directed verdict for the defendant. In other words, under the case made, unless there is a radical change in it, the appellant was not harmed by denying him another trial. It might be well to have in mind that the chancery court is specially charged with the duty of protecting the rights of minors. Here we have a suit brought by a guardian of a minor appointed by the chancery court for the express purpose of bringing the particular suit that was brought in the chancery court. Taking all these matters into consideration we are of the opinion that the chancery court committed no harmful error in dismissing the bill.

On the question of liability, as stated, this case is identical with the Parker case, and the opinion in that case is therefore controlling.

Affirmed.

Specially Concurring Opinion.

**Alexander, J.,** delivered a specially concurring opinion.

I concur in the result reached in this case. I would prefer, however, to place emphasis upon the waiver of plaintiff, implicit in his proceeding to trial after his motion for nonsuit and dismissal was denied. His action in this respect was not compulsory, but the exercise of an option either to stand upon his motion, or to invoke the processes of the court in the trial of the cause upon its merits, in which trial he retained the right to procure a favorable judgment, as well as the right to stand upon same, if successful.

I do not think this principle requires citation to support it. However, a pertinent analogy is found in cases in which defendant has proceeded to trial in spite of his right to demand dismissal for failure of plaintiff to comply with prerequisite conditions imposed by law or by the court. Such illustrations may be found in cases involving noncompliance by plaintiff with a rule for costs, and with an accrued right of the defendant to have stale cases dismissed. Cf. McKey v. Torry, 28 Miss. 78.