ROY NOBLE LEE, Presiding Justice, for the Court:
This case is appealed by The Celotex Corporation (Celotex) and Robertson Sheet Metal Works (Robertson) from the Circuit Court of Simpson County, Honorable L.D. Pittman, presiding, wherein a judgment was entered in favor of J.B. Womack Construction Company granting a nonsuit prior to the introduction of testimony. The appellants have assigned five (5) errors in the proceedings below, but we discuss only one of the assignments which is dispositive of the appeal.
Did the lower court err in granting Wom-ack’s motion for voluntary nonsuit?
Prior to April 10, 1970, the Kemper County Board of Education entered into a general contract with Womack for the construction of a vocational building. Wom-ack subcontracted the roofing job to Robertson, which used roofing materials manufactured by Celotex. The building project was completed about April 10, 1970. Although the roof began leaking shortly af-terwards, the Kemper County Board of Education did not file suit until the year 1978. The suit was settled October 27, 1980, with Celotex paying $60,000, Robertson $5,000, Womack $5,000 and Climatic Control Engineers, Inc. $3,500.
The present suit was filed in July, 1981, by Womack in an effort to recover the $5,000 settlement paid by it, $14,111.62 for expenses incurred in the defense of the Kemper suit, $150,000 for the bad faith refusal of Celotex to defend and $100,000 punitive damages. Celotex answered, denying liability, and filed a counterclaim seeking additional contribution from Wom-ack.
On September 16,1982, the date for trial, Womack moved to amend the pleadings to *1315 allege $300,000 damages for emotional and mental distress due to the failure of Celo-tex to defend and $300,000 for the knowing use of improper materials. The lower court granted the motion to amend, and also sustained the motion of Celotex for leave to cross-examine Womack’s attorneys as to whether or not they were dilatory and had grounds for the amendment, since Cel-otex and Robertson had obtained substantial rights at that point in the suit. Thereupon, Womack moved the court for a non-suit, which was granted, and an order was entered dismissing the cause without prejudice. No disposition was made of the pending counterclaim of Celotex.
As stated, the question which disposes of this appeal is whether or not Celotex and Robertson had acquired such substantial rights in the litigation that the lower court abused its discretion in granting the non-suit. Those proceedings occurred prior to the effective date of the Mississippi Rules of Civil Procedure and the law governing such questions was that applicable prior to January 1, 1982.
Mississippi Code Annotated § 11-7-125 (1972) governing nonsuits follows: “Every plaintiff desiring to suffer a nonsuit on trial shall be barred therefrom unless he do so before the jury retires to consider its verdict.”
From the adoption of the above statute until January 1, 1982, the plaintiff had an absolute right to a nonsuit at anytime prior to the jury’s retiring or prior to a decision on the merits, either by the trial judge in circuit court or the chancellor in chancery court. The only exception was the defendant had acquired a substantive right in the litigation and would have been unduly prejudiced by the nonsuit. It has been common practice for plaintiffs to file suits, call witnesses, both adverse and cooperative, then to nonsuit at anytime during the trial in order to reform and prepare the case for better presentation. Such procedure was customary and took the place of interrogatories and depositions, now common, since most plaintiffs’ practitioners felt that procedure was more effective and adequate.
In the case sub judice, Celotex contends that it has been put to expense in bringing a non-resident defendant to court and that the county has been put to expense by having juries present. However, in First American National Bank v. Alcorn, Inc., 361 So.2d 481 (Miss.1978), the Court said:
Although the right of a complainant to take a nonsuit is large, it is not unlimited and lies within the discretion of the court. Mitchell v. Film Transit Co., 194 Miss. 550, 13 So.2d 154 (1943). Griffith, Mississippi Chancery Practice, section 534 (2d Ed.1950), states that a bill may not be dismissed when the defendant has secured some substantial right which will be destroyed by the dismissal. It further states that what constitutes a sufficient right in the defendant justifying a refusal of dismissal has never been embraced by any definite rule and illustrates with the following:
... Where a bill has made a tender or other certain offers and a defendant by his answer has availed of the same, and thereupon joins in the prayer of the bill, or where the rights of infants would be prejudiced by a dismissal; or where interlocutory decrees have already been made adjudging some rights to the defendants upon the merits of some of the issues in the case; or where a motion to dissolve an injunction has been made. But the defendant acquires no rights by the mere fact that he has been put to the inconvenience or expense of a defense....
(§ 534, p. 551)
Appellant argues that it acquired rights by what had occurred to entitle it to a successful objection against dismissal and cites as support Northern v. Scruggs, 118 Miss. 353, 79 So. 227 (1918), and Mitchell, supra. However, both of these eases involve the rights of minors and are therefore distinguishable from the present case. If the dismissal leaves defendant in the same position that he would have stood if the suit had not been instituted, then the right to dismiss is unimpaired until final submission to the chancellor on the merits. Griffith, supra, at page 551; Northern, supra. We *1316 think in the present case that the lower court properly granted a dismissal without prejudice to Spain and that this assignment of error is without merit. [361 So.2d at 493-494].
We are of the opinion that, under the law existing prior to the adoption of the Mississippi Rules of Civil Procedure, the lower court did not err in granting the nonsuit. The counterclaim of Celotex is still pending in the lower court.[1] The nonsuit order did not constitute the final order from which an appeal may be perfected. Therefore, this appeal is dismissed without prejudice.
APPEAL DISMISSED.
WALKER, P.J., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.
PATTERSON, C.J., not participating.

. The briefs reflect that in July, 1981, Womack refiled its suit against Celotex and Robertson.